UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NINGBO MIZHIHE I&E CO., LTD, <br><br> Plaintiff, <br><br> v. <br><br> DOES 1-200; DRESHOW; YOUNGER-TREE; SIQUK US; SIMPLECC; TOPGALAXY.Z; SHINELICIA; RHCPFOVR; 4MEMORYS; YOOCOOL; YISI; DANBALLETO; FANOVO; AMEOLELA; BOHRPETER; QUNAN; YIWU YALINDY IMPORT & EXPORT CO., LTD.; SHENZHEN KRS BUILDING MATERIAL CO., LTD.; YIWU YUEWEI IMPORT & EXPORT CO., LTD.; SHENZHEN EBRAIN GIFTS LTD.; V-FOX CHINA INDUSTRIAL LIMITED; HANGZHOU HONGRUI IMPORT & EXPORT TRADING CO., LTD.; PANAN HONGRUI ARTS & CRAFTS FACTORY; PARTYFIESTA; SAEEDALFAR; ALITTLEABOUT4_3; LIFESTYLE_LOOT; BMUK17; GERNE2ALL; OBSERVABLEUNIVERSE; HOME*EXPRESS*; ULTIMATEDISCOUNTOUTLET; NAABOY; COOLANDCOOLER; THIRDEYECOLLECTION; TRANGC70; SASAE_52; PINIFR72; UNICORN_DEALES; CHRIRA_0; KAHOLWA; *MARKET_PLACE*; ABOOD.AV; JUVY97; E_BAYSELLER007; SHINESUN STORE; and DENG KAI <br><br> Defendants. | C.A. No. 19-CV-6655-AKH <br><br><br> **ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION, AND TEMPORARY RESTRAINING ORDER** |

## ORDER TO SHOW CAUSE

Pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure, and N.Y.C.P.L.R. § 6201, Ningbo Mizhihe I&E Co., Ltd. (hereinafter, "Mizhihe" or "Plaintiff") has moved *ex parte* against defendants Dreshow, Younger-Tree, Siquk US, SimpleCC, Topgalaxy.Z, Shinelicia, RHCPFOVR, 4MEMORYS, Yoocool, yisi, Danballeto, FANOVO, Ameolela, bohrpeter, Qunan,

(collectively, the "Storefronts"), for a temporary restraining order, and order to show cause for preliminary injunction. Mizhihe proceeds on the bases that the Storefronts, or those operating the Storefronts are creating and/or importing, distributing, offering for sale, and selling counterfeit copies of Mizhihe's copyrighted designs, as set forth more fully in the Complaint.

The Court, having reviewed the Complaint, Memorandum of Law, supporting declarations and exhibits submitted herewith, HEREBY FINDS:

A. Plaintiff is likely to succeed showing that the Storefronts, or those operating the Storefronts, have infringed and are continuing to infringe the copyrighted works listed in Exhibit 2 to the Complaint (the "Copyrighted Works"), due to their manufacturing and/or importing, distributing, advertising, offering for sale, and selling products bearing Mizhihe's copyrighted designs.

B. The manufacture, importation, distribution, advertising, offering for sale, and sale of the infringing products will result in immediate and irreparable injury to Mizhihe if the relief requested is not granted;

C. The Storefronts, or those operating the Storefronts, would likely transfer, move, hide or otherwise make the assets associated with their Amazon accounts inaccessible to the Court if Plaintiff proceeded on notice to the Storefronts, thus frustrating the ultimate relief Plaintiff seeks in this action; and

D. The harm to Mizhihe from denial of the requested ex parte order outweighs any harm to Storefronts' legitimate interests against granting such order

THEREFORE, IT IS HEREBY ORDERED that Storefronts shall appear on the __8__ day of __August__, 2019 at __Part I__ Courtroom _____ of the United States Court for the Southern District of New York at 500 Pearl Street, New York, New York to show cause why an Order,

pursuant to Federal Rules of Civil Procedure 64 and 65, Section 502 of the U.S. Copyright Act, 17 U.S.C. § 502, and N.Y.C.P.L.R. § 6201, and the Court's equitable authority, should not be entered, pending resolution of this case or further order of this Court, granting Plaintiff a preliminary injunction enjoining Storefronts, their officers, directors, agents, servants representatives, employees, successors, and assigns, and all those acting in concert or in participation with any of them, in a manner substantially similar to the relief provided in the Temporary Restraining Order below.



IT IS FURTHER ORDERED that Storefronts' answering papers shall be filed and served upon Plaintiff's counsel by email to tmm@mullaw.org, by the 5 day of August, 2019, noon, and any reply papers shall be filed and served on Defendants by August 7, 2019, noon.

**TEMPORARY RESTRAINING ORDER**

IT IS HEREBY ORDERED, in accordance with Federal Rules of Civil Procedure 64, N.Y.C.P.L.R. § 6201, and the Court's inherent power to issue provisional remedies ancillary to its authority to provide final equitable relief, and no prior application having been granted that:

1. Storefronts, their officers, directors, agents, servants, representatives, employees, successors, and assigns, and all those acting in concert or in participation with any of them, must, upon receiving actual notice of this Temporary Restraining Order, immediately locate all accounts connected to or associated with the Storefronts and immediately cease transferring or disposing of any money or other assets residing in those Storefronts' Accounts, cease allowing such funds to be transferred or withdrawn, and cease allowing any diminutions to be made from Storefronts' Accounts without prior approval of the Court.

2. Amazon.com, Inc., their officers, directors, agents, servants, representatives, employees, successors, and assigns, and all those acting in concert or in participation with any of

them, must, upon receiving actual notice of this Temporary Restraining Order, immediately cease transferring or disposing of any money or other assets held on behalf of or in escrow for the Storefronts, cease allowing such funds to be transferred or withdrawn, and cease allowing any diminutions to be made from these funds without prior approval of the Court.

3. In the alternative, Amazon.com, Inc., their officers, directors, agents, servants, representatives, employees, successors, and assigns, and all those acting in concert or in participation with any of them, must, upon receiving actual notice of this Temporary Restraining Order, immediately cease transferring or disposing of any money or other assets held on behalf of or in escrow for the Storefronts, cease allowing such funds to be transferred or withdrawn, and cease allowing any diminutions to be made from these funds without prior approval of the Court until such funds held on behalf of or in escrow for each Storefront accrues to $300,000. Amazon may release any additional funds held for a particular Storefront in excess of $300,000 to that Storefront without leave of Court.

IT IS FURTHER ORDERED that this Temporary Restraining Order shall remain in effect until the date for hearing on the Order to Show Cause set forth above, or such further date as set by the Court.

IT IS FURTHER ORDERED that ~~Plaintiff shall post security in the amount of $~~ _the security of $825,000 previously posted by plaintiff shall remain to support this TRO_ ~~by corporate surety bond, cash, credit card, or a certified or attorney's check~~

IT IS FURTHER ORDERED that upon two (2) business days' written notice to the Court and Plaintiff's counsel, any Defendant or Amazon.com may appear and move for the dissolution or modification of the provisions of this Temporary Restraining Order upon an appropriate evidentiary showing.

SO ORDERED this 26 day of July, 2019

_____
United States District Judge