USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/16/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
NINGBO MIZHIHE I&E CO., LTD.,

                           Plaintiff,

    -against-

DOES 1-200; DRESHOW; 4MEMORYS; DENG KAI, *et al.*,

                          Defendants.
------------------------------------------------------------ X

**ORDER GRANTING MOTION TO VACATE ENTRY OF DEFAULT AND DENYING CROSS-MOTION FOR DEFAULT JUDGMENT**

19 Civ. 6655 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

On July 17, 2019, Plaintiff Ningbo Mizhihe I&E Co., Ltd. ("Mizhihe") filed suit against Defendants alleging copyright infringement in violation of 17 U.S.C. § 101, *et seq.*, and related state common law claims. *See* ECF No. 1. In short, Plaintiff is a Chinese company that makes children's apparel, bags, and luggage products, which display copyrighted depictions of a unicorn; Plaintiff alleges that Defendants—various entities and individuals—create, market and sell products containing this unicorn design, thus infringing on Plaintiff's copyrights. *See id.* at ¶¶ 27-41. On October 21, 2019, on Plaintiff's motion, the Clerk of Court entered a certificate of default on Defendants Deng Kai, Dreshow, and 4Memorys (hereinafter, the "Defendants"). *See* ECF No. 68. On November 11, Defendants moved to vacate the entry of default, on the grounds that (a) the default was not willful, (b) vacating the default will not prejudice Plaintiff, and (c) Defendants have valid defenses. *See* ECF Nos. 74, 75. On November 16, Plaintiff cross-moved for entry of default judgment. *See* ECF No. 80. For the reasons that follow, Defendants' motion to vacate the default is granted, and Plaintiff's cross-motion for default judgment is denied.

**Discussion**

"The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "Because Rule 55(c) does not define the term 'good cause,' the Second Circuit has

established three criteria that must be assessed in order to decide whether to relieve a party from default or from a default judgment." *Bricklayers and Allied Craftworkers Local 2, Albany N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 186 (2d Cir. 2015) (quotation marks and alterations omitted). The criteria are: "(1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party." *Id.* (quotation marks omitted). Courts may also consider other "relevant equitable factors . . . , for instance, whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). This Circuit has "expressed a strong preference for resolving disputes on the merits." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) (quotation marks omitted); *see Enron Oil*, 10 F.3d at 95 (noting "our oft-stated preference for resolving disputes on the merits") State *Street Bank and Trust Co. v. Inversiones Errazuirz Limitada*, 374 F.3d 158, 167-68 (2d Cir. 2004) (default judgments are "generally disfavored and reserved for rare occasions"); Wright & Miller, 10A Fed. Prac. & Proc. Civ. § 2693 ("[J]udges view default judgments with disfavor. . . . This is because they favor trials on the merits with full participation by all the parties."); *Kotlicky v. U.S. Fidelity & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987) ("[T]he policy in favor of hearing . . . claims on the merits is preeminent."). In light of these principles, "when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil*, 10 F.3d at 96.

A. Willfulness

The Second Circuit has "interpreted 'willfulness,' in the context of default, to refer to conduct that is more than merely negligent or careless," but is instead 'egregious and . . . not satisfactorily explained.'" *Bricklayers*, 779 F.3d at 186 (quoting *SEC v. McNulty*, 137 F.3d

2

732, 738 (2d Cit. 1998)); *Pakter v. Janou Pakter, LLC*, No. 16-cv-4288, 2018 WL 1635239, at *3 (S.D.N.Y. Apr. 3, 2018) ("[T[he default here, while a product of counsel's negligence and irresponsibility, was not willful."). If a defendant credibly states that it failed to timely file an answer "because there was an understanding between counsel that [plaintiff] would refrain from moving for entry of default while the negotiations were ongoing," this "reason alone is enough to support a finding that [the] default was not willful." *Coach, Inc. v. O'Brien*, 2011 WL 3462317, at *3 (S.D.N.Y. July 27, 2011), *report and recommendation adopted*, No. 10-cv-6071, 2011 WL 4001002 (S.D.N.Y. Sept. 1, 2011); *see also, e.g., Westchester Fire Ins. Co. v. Tyree Serv. Corp.*, 304 F.R.D. 111, 113 (E.D.N.Y. 2014) (depending on the case, "a good faith belief that the matter would be settled without judicial intervention may preclude a finding of 'willfulness.'"); *State Street Bank and Trust Co. v. Inversiones Errazuriz Limitada*, 246 F.Supp.2d 231, 250 (S.D.N.Y. 2002) ("[A] good faith belief that an action will settle constitutes a reasonable basis for failing to interpose an answer."), *aff'd* 374 F.3d 158 (2d Cir. 2004); *Gonzalez v. City of New York*, 104 F.Supp.2d 193, 196 (S.D.N.Y. 2000) (no "willful" default when "defendants' counsel held the reasonable belief that the action would be settled, thereby obviating the need for a formal response."); *Curry v. Penn Credit Corp.*, 15-cv-6360, 2015 WL 6674922 (W.D.N.Y. Nov. 2, 2015); *MD Produce Corp. v. 231 Food Corp.*, 304 F.R.D. 107, 109 (E.D.N.Y. 2014).

Here, Defendants allege that (a) the parties had agreed to a settlement in principle, pursuant to which Plaintiff provided a draft settlement agreement on September 11, 2019, and (b) several drafts of this agreement were exchanged between that date and October 23, the latter date being after an entry of default was made on October 21.[1] *See* ECF No. 75-4, at ¶ 4. Wary of this Circuit's strong preference for merits adjudication—and cognizant of the fact that Plaintiffs seem

---

[1] The parties previously agreed that Defendants would have until September 29, 2019 to answer. *See* ECF No. 79-8.

3

to have sought an entry of default "with no notice whatsoever" to Defendants, *see Gonzalez* 104 F.Supp.2d at 198—I conclude that Defendants have satisfactorily explained their delay, and that this delay was a function of carelessness, not of an interest in delay or obstruction. *See, e.g., DirecTV, Inc. v. Rosenberg*, No. 02-cv-2241, 2004 WL 345523, at *2 (S.D.N.Y. Feb. 24, 2004) ("Willfulness implies knowing action, while carelessness and negligence denote the actor should have known better but did not."); *Enron Oil*, 10 F.3d at 96 (indicating default is appropriate when the court faces "an obstructionist adversary").

Unlike the cases cited by Plaintiff, *see* Pl. Opp. Mem., ECF No. 79, at 8-9, Defendants here, according to their representations to the Court, *see* ECF No. 75-4, did not simply ignore court deadlines due to the mere existence of negotiations or an illusory expectation of settlement, but rather believed the parties had in fact reached a settlement that was to be ironed out in the drafts exchanged. *Compare DirecTV*, 2004 WL 345523, at *2 (defendant, who failed to appear for nine months, and did not attend a hearing even *after* entry of default, was told that if a settlement was not finalized by a specific date, the plaintiff would seek default). In any case, Defendants here have, albeit in an untimely manner, filed an Answer, *see* ECF Nos. 77, 78, signaling a willingness "to fulfill [their] obligations as [] litigant[s]." *Enron Oil*, 10 F.3d at 98.

B. <u>Existence of any meritorious defenses</u>

To "satisfy the criterion of a 'meritorious defense,' the defense need not be ultimately persuasive at this stage." *Am. Alliance Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996). A party seeking to vacate a default must, however, offer more than "conclusory assertions," *Bricklayers*, 779 F.3d at 187, and must "establish . . . the rudimentary elements of a meritorious defense," *State Street Bank and Trust*, 374 F.3d at 168. "The test . . . is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted,

4

if proven at trial, would constitute a complete defense." *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3 167, 173 (2d Cir. 2001) (quotation marks omitted); *see Arista Records, Inc. v. Musemeci*, No. 03-cv-4465, 2007 WL 3124545, at *5 (E.D.N.Y. Sept. 18, 2007) (no meritorious defense when defendant "offered little more than conclusory denials of the alleged infringement"), *report and recommendation adopted*, 2007 WL 3145861 (E.D.N.Y. Oct. 25, 2007); *Westchester Fire*, 304 F.R.D. at 113 ("Although a defendant must do more than merely allege that a defense exists, courts in this Circuit routinely recognize that a defendant need only meet a low threshold to satisfy this factor.") (citations, quotation marks, and alterations omitted); *Gonzalez*, 104 F.Supp.2d at 197 ("[A] defendant need not establish his defense conclusively.").

Here, Defendants argue that, were the default to be vacated, they would argue that the copyrights at issue were either fraudulently obtained by Plaintiff or otherwise invalid, due to the fact that these copyrights are "merely derivatives of other unicorn designs widely available on popular ecommerce markets" prior to the date Plaintiff procured its copyrights, ECF No. 75, at 9, and are otherwise "insufficiently original," *id.* at 10. In their briefing papers, Defendants adduce images purportedly showing entities other than Plaintiff making use of similar unicorn designs. *See* ECF No. 75, at 9; ECF Nos. 75-1, 75-2, 75-3.

Without taking a position on the likelihood that any of these contentions will "carry the day," *Pecarsky.*, 249 F.3 at 173, I am persuaded that Defendants have gone beyond conclusory denials into making out the basic elements of a meritorious defense. *Compare, e.g., American Arb. Ass'n, Inc. v. Defonseca*, No. 93-cv-2424, 1997 WL 102495, at *3 (S.D.N.Y. Mar. 6, 1997) ("In their affidavits, defendants assert only that they have a 'bona fide defense against plaintiff's [sic] contentions.' No further description, legal argument or factual support is provided."); *DirecTV*, 2004 WL 345523, at *3 ("At the hearing, [defendant's] defense amounted

5

to, 'I didn't do it.'"). Plaintiff raises a host of objections, such as that "[Plaintiff's] copyrighted designs easily meet the very low bar set for originality," ECF No. 79, at 12, but such claims go to the strength of Defendant's case and are therefore appropriate for resolution on the merits. *See Goldstein v. Urgo Eleuthera Hotels Ltd.*, No. 14-cv-6395, 2016 WL 1019394, at *3 (E.D.N.Y. Feb. 10, 2016) ("If Defendant truly lacks a meritorious defense, Plaintiff will be able to make a motion on the merits in short order."), *report and recommendation adopted*, 2016 WL 958208 (E.D.N.Y. Mar. 12, 2016).

### C. Prejudice to the Plaintiff

In order to show the "requisite level of prejudice, the plaintiff must demonstrate that any prejudice resulting from the defendant's default cannot be rectified in the Court in another manner were the default to be vacated." *Murray Engineering, P.C. v. Windermere Prop. LLC*, No. 12-cv-0052, 2013 WL 1809637, at *5 (S.D.N.Y. Apr. 30, 2013). While "delay . . . alone does not establish prejudice," *Enron Oil*, 10 F.3d at 98; *see Fischer v. Forrest*, No. 14-cv-1307, 2014 WL 2717937, at *4 (S.D.N.Y. June 16, 2014) (rejecting argument that, "if the Court vacates the certificate of default [plaintiff's] prosecution of this action will be delayed, prejudicing his efforts to stop [defendant]'s allegedly infringing conduct"), the court "must consider the effect of the delay caused by the defendant's default, such as thwarting plaintiff's recovery or remedy . . . resulting in the loss of evidence, creating increased difficulties of discovery, or providing greater opportunity for fraud and collusion," *Swarna v. Al-Awadi*, 622 F.3d 123, 142 (2d Cir. 2010) (quotation marks and alterations omitted); *accord. Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983).

Plaintiff argues that it will suffer prejudice due to (1) "ongoing and continuous harm from Defendants' infringing conduct," and (2) the "substantial attorney's fees and costs

6

that Mizhihe has incurred already in this case." ECF No. 79, at 13. The first argument must be taken in two parts. First, to find that Plaintiff would suffer harm from ongoing infringement of course presupposes infringement, which is the issue ultimately to be decided on the merits over the course of this litigation. And to say that the length of a purported infringement is prejudicial is simply to equate delay with prejudice, which this Circuit rejects. Second, Plaintiff argues that delay will be prejudicial because Defendants have not yet fully complied with the preliminary injunction issued by this Court enjoining Defendants from infringing on any of the designs that Plaintiff alleges are protected by valid copyrights. *See* ECF No. 79, at 13; ECF Nos. 3, 18. At this point, I cannot discern from the briefing whether Defendants have in fact violated the injunction. If Defendants are later found to have violated the injunction, the Court will consider an appropriate remedy.

As to Plaintiff's argument concerning their substantial fees and costs, it is true that such expenses can amount to prejudice in some circumstances, *see, e.g., DirecTV*, 2004 WL 345523, at *4 (prejudice where defendant's "conduct has caused Plaintiff to incur substantial attorney's fees and costs"). However, if the Court later determines that attorneys' fees and costs should be granted to Plaintiff, it will so order payment thereof. On the facts presented here, the fees incurred in litigation because of Defendants' default are not sufficient to deprive Defendants of an opportunity to litigate the merits.

D. Leave to Answer

For the foregoing reasons, I reject Plaintiff's request that Defendants' untimely answer be stricken per Federal rule of Civil Procedure 6(b), and, instead, grant Defendants leave, *nunc pro tunc*, to file and serve their otherwise late Answer. *See, e.g., Nelson v. Gleason*, No.

7

14-cv-870A, 2016 WL 6875857, at *4 (W.D.N.Y. Nov. 22, 2016); *Packard v. City of New York*, No. 115-CV-07130, 2018 WL 2229123, at *1 (S.D.N.Y. Apr. 30, 2018).

## Conclusion

Defendants' motion to vacate the entry of default is granted. Plaintiff's cross-motion is denied. The parties shall appear at a status conference on January 10, 2020, at 10:00 a.m. to chart a course for this litigation. The Clerk shall terminate the motions (ECF Nos. 74, 80).

SO ORDERED.

Dated: December 16, 2019
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge