UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
          :
NINGBO MIZHIHE I&E CO., LTD.,        :
          :  **ORDER DENYING MOTION FOR**
         Plaintiff,    :  **RECONSIDERATION**
   -against-         :
          :  19 Civ. 6655 (AKH)
DOES 1-200; DRESHOW; 4MEMORYS; DENG  :
KAI, *et al.*,         :
          :
        Defendants.  :
         :
-------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

        In this copyright infringement action, Plaintiff alleges that Defendants create, market, and sell products depicting certain unicorn images for which Plaintiff holds enforceable copyrights. On April 30, 2020, I granted Plaintiff's motion to dismiss counterclaims brought by Defendants Deng Kai, Dreshow, and 4Memorys ("Defendants"). *See* ECF No. 104. Defendants now move for reconsideration, contending that the Court overlooked that (1) Plaintiff indicated to Amazon that they held an enforceable copyright; (2) Defendant alleged that Plaintiff knew of prior unicorn designs; and (3) Defendants alleged that Plaintiff 's takedown notice included some images not covered by Plaintiff's copyrights. *See* ECF Nos. 107, 108. Defendants also seek to "clear up any confusion … with regard to the[ir] Lanham Act claim." ECF No. 108, at 5. The relevant facts are set forth in my April 30 order. Familiarity therewith is assumed.

        Defendants' motion is denied. To start, the motion is untimely. My order granting the motion to dismiss issued on April 30. Under Local Rule 6.3, Defendants' motion for reconsideration was due on or before May 14. *See* S.D.N.Y. Local Civil Rule 6.3. Instead, Defendants filed their motion on May 28. ECF No. 107. Courts in this Circuit routinely deny late-filed reconsideration motions. *See*, *e.g.*, *Otto v. Town of Washington*, 71 F. App'x 91, 92

(2d Cir. 2003) (affirming denial of a motion for reconsideration filed 10 days after the Rule 6.3 deadline); *McGraw-Hill Global Education Holdings, LLC v. Mathrani*, 293 F.Supp.3d 394, 397 (S.D.N.Y. 2018) ("As numerous cases from this Circuit have held, the untimeliness of a motion for reconsideration is reason enough to deny the motion.") (collecting cases).  Defendants do not explain why they missed the filing deadline and instead purport to seek reconsideration under a different rule, Federal Rule of Civil Procedure 59.  *See* ECF Nos. 107, 108; *see also* Fed. R. Civ. P. 59(e) (allowing 28 days from the "judgment" to file a motion for reconsideration).  But Rule 59 applies only to final judgments, defined by Rule 54 as "any order from which an appeal lies," Fed. R. Civ. P. 54(a), and my April 30 order merely dismisses Defendants' counterclaims, while leaving intact the rest of the action to proceed.[1]  *See*, *e.g.*, *Leftridge v. Connecticut State Trooper Officer No. 1283*, 640 F.3d 62, 66 (2d Cir. 2011) ("A *final* decision generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.") (quotation marks omitted).  In short, Rule 59 is inapposite and Defendants' motion is untimely. *See In re Palermo*, No. 08 Civ. 7421, 2011 WL 446209, at *4 (S.D.N.Y. Feb. 7, 2011) (when

---

[1] In their reply, Defendants double down on their position that Rule 59 applies to them and Local Rule 6.3 does not. *See*, *e.g.*, ECF No. 110, at 3 ("Defendants' motion does not attempt to justify a delay because there is no delay to justify."). This erroneous conclusion stems from the erroneous premise that because "all of Defendants' claims—— *their* entire action——have been adjudicated," *id.* (emphasis added), that my order dismissing these counterclaims was a final judgment within the meaning of Rule 54.  Wrong.  Rule 54(b) expressly states that the court "may," in circumstances not applicable here, "direct entry of final judgment as to one or more, but fewer than all, claims or parties," but that "*[o]therwise*, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than *all the parties* does *not* end the action *as to any of the claims or parties*." Fed. R. Civ. P. 54(b) (emphases added).  For illustration of this principle, one need look no further than Defendants' own string citation, which includes no cases in which (1) fewer than all the claims in a litigation had been dismissed, (2) the court had not specially designated a partial judgment for appeal, and (3) the matter was appealable. *See, e.g., U.S. v. Wallace & Tiernan Co.*, 336 U.S. 793, 795 n.1 (1949) ("dismissal of the case *ended this suit* so far as the District Court was concerned") (emphasis added); *Allied Air Freight, Inc. v. Pan Am. World Airways, Inc.*, 393 F.2d 441, 443 (2d Cir. 1968) (noting the district court entered an order "dismissing *the action*") (emphasis added).  What is more, a number of the cited cases do not even discuss Rule 59.  *See* ECF No. 110 at 2-3. And in citing a number of cases that police appealability based on whether a matter is dismissed with or without prejudice, Defendants ignore the separate necessary condition that the order dispose of *all* claims in the *suit*.

"no appeal lies" from the order "the only ground available [is to] move for reconsideration [] under Local Civil Rule 6.3").

Even if Defendants' motion were timely, it fails to identify controlling decisions or data that the court overlooked. *See McGraw-Hill Glob. Educ. Holdings*, 293 F.Supp.3d at 396 ("behind the cover lie the same arguments that this Court has already considered and rejected"); *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked."). Contrary to Defendant's assertions, the order dismissing their counterclaims found that (1) Plaintiff had made no representation as to enforceability of the copyrights that it in fact held; and (2) Defendants' allegations regarding any "knowledge" on Plaintiff's part were entirely conclusory. As to Defendants' third claim that the takedown notice included items "which did not contain any of Plaintiff's copyrighted works," Def. Mem. at 4, this argument is nowhere to be found in Defendants' Counterclaims. *See Fadem v. Motor Co.*, 352 F.Supp.2d 501, 516 (S.D.N.Y.) ("It is long-standing precedent in this circuit that parties cannot amend their pleadings through issues raised solely in their briefs."), *aff'd* 157 F. App'x 398 (2d Cir. 2005). Further contrary to Defendants' briefing, I specifically reviewed and rejected their claims under the Lanham Act and related state law claims. *See* ECF No. 104, at 8. As I made clear in the April 30 order, Defendants will have the opportunity to pursue their claims of invalidity, but as a *defense* to liability, "not as a counterclaim cognizable under the DMCA." *Id*. at 5; *see also*, *e.g.*, *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1929 (2015) ("[I]nvalidity is not a defense to infringement, it is a defense to liability.").

Defendants' motion for reconsideration is denied. The Clerk is instructed to close the open motion (ECF No. 107). At the next status conference, scheduled for June 26, 2020, the parties will be asked to discuss an efficient plan to move this litigation forward.

SO ORDERED.

Dated:  June 19, 2020             _____/s/_____
        New York, New York                ALVIN K. HELLERSTEIN
                                          United States District Judge