Jonathan D. Ball (*ballj@gtlaw.com*)
GREENBERG TRAURIG LLP
MetLife Building
200 Park Avenue
New York, New York 10166
Tel: (212) 801-9200; Fax: (212) 801-6400
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NINGBO MIZHIHE I&E CO., LTD, <br><br> Plaintiff, <br><br> v. <br><br> DOES 1-200; DRESHOW; 4MEMORYS; and DENG KAI <br><br> Defendants. | Case No. 1:19-cv-6655-AKH |

**MIZHIHE'S MEMORANDUM OF LAW IN SUPPORT OF ITS
<u>MOTION TO FOR SANCTIONS</u>**

## **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................1

BACKGROUND ...................................................................................................2

ARGUMENT .........................................................................................................3

I.     LEGAL STANDARD................................................................................3

II.    DEFENDANTS FAILED TO APPEAR FOR DEPOSITION AND VIOLATED THIS COURT'S DISCOVERY ORDERS..................................5

III.   TERMINATING SANCTIONS ARE WARRANTED FOR DEFENDANTS' DISCOVERY VIOLATIONS AND THEIR SUBMISSION OF A FALSE DECLARATION TO THE COURT .............................................................7

CONCLUSION......................................................................................................9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Air Cargo Shipping Services Antitrust Litigation*,
  No. 06 MD 1775, 2011 U.S. Dist. LEXIS 154428, 2012 WL 1129852
  (E.D.N.Y. March 27, 2012) .................................................................................................4

*Bambu Sales, Inc. v. Ozak Trading Inc.*,
  58 F.3d 849 (2d Cir. 1995)..................................................................................................7

*Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*,
  171 F.R.D. 135 (S.D.N.Y. 1997) ................................................................................ 1, 5, 6

*Battiste–Downie v. Covenant House*,
  471 F. App'x 78 (2d Cir. 2012) ...........................................................................................8

*Cine Forty–Second Street Theatre Corp. v. Allied Artists Pictures Corp.*,
  602 F.2d 1062 (2d Cir. 1979)..............................................................................................7

*Concerned Citizens v. Belle Haven Club*,
  223 F.R.D. 39 (D. Conn. 2004)...........................................................................................4

*John B. Hull, Inc. v. Waterbury Petroleum Prod., Inc.*,
  845 F.2d 1172 (2d Cir. 1988)..............................................................................................7

*Jones v. Niagara Frontier Transp. Auth.*,
  836 F.2d 731 (2d Cir. 1987)................................................................................................7

*Kyoei Fire & Marine Ins. Co. Ltd v. M.V. Maritime Antalya*,
  248 F.R.D. 126 (S.D.N.Y. 2007) .....................................................................................4, 6

*Meyer Corp. U.S. v. Alfay Designs, Inc.*,
  No. 10 CV 3647, 2012 U.S. Dist. LEXIS 113819, 2012 WL 3536987
  (E.D.N.Y. Aug. 13, 2012) ...................................................................................................4

*Panolam Industry International, Inc. v. F & F Composite Group Inc.*,
  No. 3:07CV1721, 2010 U.S. Dist. LEXIS 4929, 2010 WL 341330 (D.
  Conn. Jan. 22, 2010) ...........................................................................................................4

*Rahman v. Smith & Wollensky Restaurant Grp., Inc.*,
  No. 06 Civ. 6198, 2009 U.S. Dist. LEXIS 30275, 2009 WL 773344
  (S.D.N.Y. March 18, 2009).................................................................................................4

*Reilly v. Natwest Markets Grp., Inc.*,
  181 F.3d 253 (2d Cir. 1999)................................................................................................3

*Reilly v. Natwest Markets Group, Inc.*,
   181 F.3d 253 (2d Cir. 1999)..................................................................................................5

*S. New England Tel. Co. v. Glob. NAPs Inc.*,
   624 F.3d 123 (2d Cir. 2010)..................................................................................................7

*Salahuddin v. Harris*,
   782 F.2d 1127 (2d Cir. 1986)................................................................................................7

*Securities Exchange Commission v. Morelli*,
   143 F.R.D. 42 (S.D.N.Y. 1992) ............................................................................................3

*In re September 11th Liab. Ins. Coverage Cases*,
   243 F.R.D. 114 (S.D.N.Y. 2007) ..........................................................................................8

*Spanski Enterprises, Inc. v. Telewizja Polska, S.A.*,
   No. 07 Civ. 930, 2009 U.S. Dist. LEXIS 95288, 2009 WL 3270794
   (S.D.N.Y. Oct. 13, 2009) ......................................................................................................4

*Tailored Lighting Inc. v. Osram Sylvania Products, Inc.*,
   255 F.R.D. 340 (W.D.N.Y. 2009).....................................................................................3, 4

## Other Authorities

Fed. R. Civ. P. 30..........................................................................................................................3

Fed. R. Civ. P. 37..................................................................................................................4, 5, 7

## TABLE OF EXHIBITS

| | |
|---|---|
| Exhibit 1 | A true and correct copy of Mizhihe's Notice of Depositoin of Deng Kai |
| Exhibit 2 | A true and correct copy of Mizhihe's Notice of Depositoin to Defendant DRESHOW Pursuant to Fed. R. Ci. P. 30(b)(6) |
| Exhibit 3 | A true and correct copy of Mizhihe's Notice of Depositoin to Defendant 4MEMORYS Pursuant to Fed. R. Ci. P. 30(b)(6) **[FILED UNDER SEAL]** |
| Exhibit 4 | A true and correct copy of the transcript from the videotaped depositoin of Deng Kai (Volumes I and II) **[FILED UNDER SEAL]** |

Plaintiff and counterclaim-defendant Ningbo Mizhihe I&E Co., Ltd. ("Mizhihe" or "Plaintiff") respectfully submits this memorandum of law in support of its motion for sanctions against Defendants 4MEMORYS, DRESHOW, and Deng Kai (collectively, "Defendants").

**INTRODUCTION**

Defendants have violated this Court's Order (ECF No. 146) and their obligations under the Federal Rules of Civil Procedure by: (1) failing to produce witnesses who were prepared to testify about the topics identified in Mizhihe's 30(b)(6) deposition notices; and (2) submitting a false declaration to this Court. On December 8 and 9, Defendants produced Deng Kai as a corporate designee on behalf of Defendants DRESHOW and 4MEMORYS. But, as explained below, Mr. Kai was not prepared to testify on their behalf concerning many of the topics in Mizhihe's 30(b)(6) notices. "[Producing] an unprepared witness is tantamount to a failure to appear." *Bank of New York v. Meridien BIAO Bank Tanzania Ltd*., 171 F.R.D. 135, 151 (S.D.N.Y. 1997) (citations omitted). Consistent with the December 8, 2020 Order, Defendants' conduct warrants sanctions. ECF No. 146 (indicating that failing to appear for the Court-ordered deposition "shall constitute a ground for sanctions, including preclusion or default").

Sanctions are further justified here because the largely evasive and useless testimony from Mr. Kai demonstrates that he submitted a false declaration to this Court on October 30, 2020. ECF No. 135. Specifically, the Court ordered Deng Kai to submit a declaration on or before October 30, 2020 "affirming that Defendants have completely and fully responded to all of Plaintiff's discovery requests made pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure." Despite providing this certification under the penalty of perjury, Mr. Kai admitted at his deposition that Defendants have not produced numerous categories of documents requested

1

in Plaintiff's discovery requests, including documents related to their repeatedly premature motions to modify the asset freeze. Considering Defendants' conduct, Plaintiff respectfully requests that the Court issue terminating sanctions against the Defendants.

## BACKGROUND

Mizhihe served notices to depose Defendant Deng Kai and corporate defendants DRESHOW and 4MEMORYS on September 11, 2020. *See* Exs. 1-3. Defendants did not respond to or otherwise object to the scope or content of any of the topics set forth in the 30(b)(6) notices to DRESHOW and 4MEMORYS. Thereafter, Defendants sought four extensions to the noticed deposition date. *See* ECF Nos. 121, 133, 136, 141. In granting the Defendants' last request, the Court specifically ordered that Defendants' failure to appear for deposition "shall constitute a ground for sanction, including preclusion or default." ECF No. 146. After months of delay, Defendants finally produced Deng Kai for video deposition in his personal capacity and as a Rule 30(b)(6) corporate designee for DRESHOW and 4MEMORYS on December 8, 2020 and December 9, 2020. Mr. Kai provided largely evasive and irrelevant testimony at his deposition and could not provide even the most basic information concerning the topics in Plaintiff's Rule 30(b)(6) notice. For example, Mr. Kai testified that: (1) he had never seen the Notices of Deposition; (2) never reviewed the topics in the 30(b)(6) notices to DRESHOW or 4MEMORYS; (3) he was not aware that he was designated to testify on behalf of DRESHOW concerning the topics in the 30(b)(6) notice; and (4) he did not prepare at all to provide testimony as the 30(b)(6) designee on behalf of DRESHOW and 4MEMORYS.[1]  Ex. 4, Dep. Tr. 55:4-57:6; 60:5-25. Mr. Kai's deposition has been left open.

---

[1] In fact, Mr. Kai refused to answer simple questions to confirm that the deposition was being taken in Hong Kong. For example, Mr. Kai would not provide any information about: (1) how he

2

**ARGUMENT**

**I.      LEGAL STANDARD**

Under Rule 30(b)(6) of the Federal Rules of Civil Procedure, a party may seek deposition testimony from an organization, including a corporation, by sending a notice of deposition to the entity that "describe[s] with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). Once the deposing party has served a satisfactory notice, the responding party is required to "make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed . . . as to the relevant subject matters.'" *Tailored Lighting Inc. v. Osram Sylvania Products, Inc.*, 255 F.R.D. 340, 349 (W.D.N.Y. 2009) (alterations in original) (quoting *Securities Exchange Commission v. Morelli*, 143 F.R.D. 42, 45 (S.D.N.Y. 1992)) (internal quotation marks omitted); *see Reilly v. Natwest Markets Group, Inc.*, 181 F.3d 253, 268 (2d Cir. 1999) ("To satisfy Rule 30(b)(6), the corporate deponent has an affirmative duty to make available 'such number of persons as will' be able 'to give complete, knowledgeable and binding answers' on its behalf.'" (quoting *Securities Exchange Commission*, 143 F.R.D. at 45). While the "'Rule 30(b)(6) deponents need not have personal knowledge concerning the matters set out in the deposition notice . . . the corporation is obligated to prepare them so that they may give

---

traveled to Hong Kong (22:15-24:22); (2) the address of where he was sitting for deposition in Hong Kong (*id.* at 10:11-12:10); (3) information about the building or structure he was sitting in to take the deposition (*id.* at 48:2-8); (4) when he arrived in Hong Kong (*id.* at 22:10-13); (5) whether he had a passport (*id.* at 27:18-20); and (6) if he was quarantining in Hong Kong (*id.* at 22:22-23). Initially, Mr. Kai could not even provide his residential address (*id.* at 34:1-23) and refused to provide any basic biographical information, including his educational background or where he attended college (*id.* at 68:7-69:13) and other identifying information (claiming at one point that he was not carrying any forms of identification) (*id.* at 34:9-23).

knowledgeable answers.'" *Meyer Corp. U.S. v. Alfay Designs, Inc.*, No. 10 CV 3647, 2012 U.S. Dist. LEXIS 113819, 2012 WL 3536987, at *8 (E.D.N.Y. Aug. 13, 2012) (alteration in original) (quoting *Spanski Enterprises, Inc. v. Telewizja Polska, S.A.*, No. 07 Civ. 930, 2009 U.S. Dist. LEXIS 95288, 2009 WL 3270794, at *3 (S.D.N.Y. Oct. 13, 2009)). The responding party must "prepare the designee 'to the extent matters are reasonably available, whether from documents, past employees, or other sources.'" *Rahman v. Smith & Wollensky Restaurant Grp., Inc.*, No. 06 Civ. 6198, 2009 U.S. Dist. LEXIS 30275, 2009 WL 773344, at *1 (S.D.N.Y. March 18, 2009) (quoting *Tailored Lighting Inc.*, 255 F.R.D. at 349)); *In re Air Cargo Shipping Services Antitrust Litigation*, No. 06 MD 1775, 2011 U.S. Dist. LEXIS 154428, 2012 WL 1129852, at *1 (E.D.N.Y. March 27, 2012); *cf. Panolam Industry International, Inc. v. F & F Composite Group Inc.*, No. 3:07CV1721, 2010 U.S. Dist. LEXIS 4929, 2010 WL 341330, at *1 (D. Conn. Jan. 22, 2010) ("A deponent under Rule 30(b)(6) has an 'affirmative obligation to educate himself as to the matters regarding the corporation. This includes all matters that are known or reasonably available to the corporation.'" (quoting *Concerned Citizens v. Belle Haven Club*, 223 F.R.D. 39, 43 (D. Conn. 2004))). "[Producing] an unprepared witness is tantamount to a failure to appear." *Rahman*, 2009 U.S. Dist. LEXIS 30275, 2009 WL 773344, at *1.

Under Rule 37(d) of the Federal Rules of Civil Procedure, this Court may impose sanctions on a corporate deponent or its agent designated under Rule 30(b)(6) for failure to appear for a deposition. *See* Fed. R. Civ. P. 37(d). Courts broadly interpret "failure to appear" to mean either: 1) the deponent fails to physically appear at the deposition; or 2) the deponent is unprepared or otherwise not knowledgeable about the topics listed in the notice of deposition. *See, e.g.*, *Kyoei Fire & Marine Ins. Co. Ltd v. M.V. Maritime Antalya*, 248 F.R.D. 126, 153 (S.D.N.Y. 2007) (holding that the relevant inquiry is whether the deponent's performance

"amounts to a non-appearance"); *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 151 (S.D.N.Y. 1997) ("[Producing] an unprepared witness is tantamount to a failure to appear") (citation omitted). The Court has wide discretion to impose sanctions and determine the type of sanction to be imposed under Rule 37(d). *See Reilly v. NatWest Markets Group Inc.*, 181 F.3d 253, 267 (2d Cir. 1999), *cert. denied*, 528 U.S. 1119 (2000). Rule 37 lists various sanctions including preclusion or dismissal of claims, Fed. R. Civ. P. 37(d), (b)(2)(A) (facts established), (b)(2)(B) (refusing to allow disobedient party to support claim or defense), (C) (striking pleadings), or (D) (contempt of court for failing to produce witness), as well as payment of opponent's reasonable expenses, and attorneys' fees.

## II. DEFENDANTS FAILED TO APPEAR FOR DEPOSITION AND VIOLATED THIS COURT'S DISCOVERY ORDERS

Mr. Kai was utterly unprepared to testify as a 30(b)(6) witness on behalf of DRESHOW and 4MEMORYS. Mr. Kai testified that he: had never seen the Notices of Deposition; never reviewed the topics in the 30(b)(6) notices to DRESHOW or 4MEMORYS; was not aware that he was designated to testify on behalf of DRESHOW concerning the topics in the 30(b)(6) notice; and (4) did not prepare at all to provide testimony as the 30(b)(6) designee on behalf of DRESHOW and 4MEMORYS. Ex. 4 at 55:4-57:6; 60:5-25.[2] It comes as no surprise then, that Mr. Kai could not provide even the most basic information about DRESHOW and 4MEMORYS or many of the topics in Mizhihe's 30(b)(6) notices. For example, Mr. Kai could not provide the address of DRESHOW or 4MEMORYS, identify where 4MEMORYS operated, or answer if DRESHOW had any current listings on Amazon. *Id.* at 35:14-23; 36:2-10; 77:17-18; 208:16-23. Mr. Kai also could not identify the supplier of any of the accused unicorn products for

---

[2] Indeed, Mr. Kai questioned deposing counsel why he was required to prepare ahead to testify as a Rule 30(b)(6) designee. *Id.* at 132:4-10.

DRESHOW or 4MEMORYS, where DRESHOW's products were manufactured, or how many versions of the accused products DRESHOW sold. *Id.* at 100:9-101:15; 129:13-130:22; 150:12-14.[3] Further, Mr. Kai could not identify whether DRESHOW advertised its products or had social media accounts directing consumers to its Amazon store or website. *See id.* at 136:1-12. He also could not testify about the sales volume for either DRESHOW or 4MEMORYS and could not explain what documents he relied on to come to the sales figures and calculations he provided during discovery. *Id.* at 177:21-178:19; 184:23-185:2; 186:22-25. With respect to 4MEMORYS, Mr. Kai also could not answer:

(1) whether it manufactured the accused products or identify who manufactured the accused products on 4MEMORYS' behalf (*id.* at 140:23-141:6; 146:2-7);

(2) whether it sold certain accused products (*id.* at 143:20-23); and

(3) how 4MEMORYS markets its products (*id.* at 145:8-9).

Moreover, it is unclear whether Mr. Kai was even authorized to be a designee on behalf of 4MEMORYS. Mr. Kai does not own or control 4MEMORYS, and appears to be appearing in this case on behalf of his friend. *Id.* at 61:3-9; 80:2-3. This testimony raises serious doubts as to whether Mr. Kai or his counsel are proper representatives for 4MEMORYS in this matter.

Defendants failure to produce a witness that was prepared amounts to a non-appearance. *See, e.g.*, *Kyoei Fire & Marine Ins. Co. Ltd*, 248 F.R.D. at 153 (holding that the relevant inquiry is whether the deponent's performance "amounts to a non-appearance"); *Bank of New York*, 271

---

[3] Due to the significant gaps in his knowledge, Mizhihe's counsel raised an issue with Mr. Kai's preparedness during the deposition. 132:11-15 ("We'll probably have to go to the court . . . and seek further deposition when he's properly prepared to discuss the topics in his 30(b)(6) notice . . . .").

F.R.D. at 151 ("[Producing] an unprepared witness is tantamount to a failure to appear") (citation omitted). As such, Defendants' have violated the Court's December 8, 2020 Order.

### III. TERMINATING SANCTIONS ARE WARRANTED FOR DEFENDANTS' DISCOVERY VIOLATIONS AND THEIR SUBMISSION OF A FALSE DECLARATION TO THE COURT

Pursuant to Rule 37(d), the Court can impose sanctions where a party or person designated under Rule 30(b)(6) fails "to appear before the officer who is to take the deposition, after being served with proper notice." Fed. R. Civ. P. 37(d). "[T]he sanction of dismissal under [Rule] 37 is a drastic remedy that should be imposed only in extreme circumstances." *John B. Hull, Inc. v. Waterbury Petroleum Prod., Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988) (internal quotation marks and alterations omitted). "Despite the harshness of these measures, however, 'discovery orders are meant to be followed,' *Bambu Sales, Inc. v. Ozak Trading Inc.*, 58 F.3d 849, 853 (2d Cir. 1995), and dismissal or default is justified if the district court finds that the failure to comply with discovery orders was due to 'willfulness, bad faith, or any fault' of the party sanctioned, *Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir. 1986)." *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010) (citations omitted). The Second Circuit has also been clear that "'in this day of burgeoning, costly and protracted litigation courts should not shrink from imposing harsh sanctions where . . . they are clearly warranted.'" *Jones v. Niagara Frontier Transp. Auth.*, 836 F.2d 731, 735 (2d Cir. 1987) (quoting *Cine Forty–Second Street Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1068–69 (2d Cir. 1979) (ellipsis in original)).

Terminating sanctions are appropriate here. Defendants' have failed to comply with the Court's orders even after the Court warned them of severe sanctions for further noncompliance. ECF No. 146 (indicating that violating the Court's order "shall constitute a ground for sanctions,

including preclusion or default"). Worse yet, Mr. Kai's testimony confirms that he committed he submitted a false declaration on October 30, 2020. ECF No. 135. The Court ordered Deng Kai to submit a declaration on or before October 30, 2020 "affirming that Defendants have completely and fully responded to all of Plaintiff's discovery requests made pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure." ECF No. 130. Despite certifying under penalty of perjury, Mr. Kai admitted at his deposition that Defendants have not complied with their discovery obligations under the Federal Rules. For example, Mr. Kai's testimony also revealed that Defendants have failed to produce: (1) receipts and other expenses in connection with the manufacture and sale of the accused products and Defendants' damages calculations (*id.* at 101:16-20; 131:15-19)[4]; (2) correspondence between Mr. Kai and third parties concerning alleged prior unicorn publications (*id.* at 200:20-201:7; 203:2-10; 206:1-13); (3) communications with other Defendants about this litigation (*id.* at 193:12-16); and (4) identifying company information for 4MEMORYS (*id.* at 85:23-86:15).[5] Mizhihe requested this information in discovery requests served under Rules 33 and 34 over a year ago.

At a minimum, sanctions should be imposed to "restore the parties to the position they would have occupied but for the breach of discovery obligations and deter future misconduct. Appropriate sanctions may include payment of reasonable expenses, including attorney's fees, caused by the failure to disclose." *In re September 11th Liab. Ins. Coverage Cases*, 243 F.R.D.

---

[4] Indeed, Mr. Kai admitted that he could not accurately calculate Defendants' profits made from their sales on Amazon. *Id.* at 187:5-8. This directly contradicts Mr. Kai and his counsel's repeated arguments that Defendants have provided enough information to show that their calculated profits merit reducing the current asset freeze.

[5] Mr. Kai also testified that he did not even search his records to see what other financial interests he had in other Amazon stores. Ex. 4 at 77:11. This information is relevant for Mizhihe to ascertain the extent of Mr. Kai's infringing activities.

114, 132 (S.D.N.Y. 2007) (Hellerstein, J.). Given Defendants' track record, Mizhihe does not believe that a lesser sanction is likely to be effective at addressing this issue. *See Battiste–Downie v. Covenant House*, 471 F. App'x 78, 79 (2d Cir. 2012) (summary order) ("[T]he efficacy of lesser sanctions to correct such behavior is doubtful, given that Battiste-Downie refused to respond to the discovery demands even after being ordered repeatedly by the District Court to do so."). Nevertheless, Mizhihe estimates that its costs and attorneys' fees incurred in preparing for and conducting Mr. Kai's deposition are at least $33,000.

## CONCLUSION

For the foregoing reasons, it is respectfully submitted that Mizhihe's motion for sanctions should be granted.

Dated: January 14, 2021

                                        GREENBERG TRAURIG, LLP

                                        */s/ Jonathan D. Ball*
                                        Jonathan D. Ball, Ph.D.
                                        MetLife Building
                                        200 Park Avenue
                                        New York, NY 10166
                                        Tel: (212) 801-9200
                                        Fax: (212) 801-6400
                                        ballj@gtlaw.com
                                        *Attorneys for Plaintiff*
                                        *Ningbo Mizhihe I&E Co., Ltd.*