UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

NINGBO MIZHIHE I&E CO., LTD,                           **<u>ORDER</u>**

                  Plaintiff,            19 Civ. 6655 (AKH)

    -against-

DOES 1–200, DRESHOW, et al.,

                Defendants.

------------------------------------------------------------ X

ALVIN K. HELLERSTEIN, U.S.D.J.:

      Plaintiff Ningbo Mizhihe I&E Co. brought this case as a copyright infringement action in July 2019.  Upon initiating the suit, Plaintiff sought temporary restraining orders enjoining multiple Defendants from infringing Plaintiff's copyrighted designs and freezing Defendants' Amazon accounts.  I granted both orders and ultimately converted them into injunctions.  At the time, Plaintiff posted a $25,000 bond to secure the temporary restraining orders and resulting injunctions.  After considerable motion practice and multiple conferences, the parties reported they were near a settlement agreement.  On April 12, 2021, Plaintiff filed a motion seeking to voluntarily dismiss the case against Defendants 4Memorys, Deng Kai, and Dreshow.  Defendants did not oppose the motion, and I granted the voluntary dismissal on June 6, 2021.  Now, Defendant Dreshow seeks to recover against the bond posted in connection with the temporary restraining orders and injunctions.  For the reasons that follow, Defendant's motion is denied.

      To recover against an injunction bond, Defendant must show that it was wrongfully enjoined.  *See* Fed. R. Civ. Proc. 65(c); *Blumenthal v. Merrill Lynch, Pierce, Fenner*

& Smith, Inc., 910 F.2d 1049, 1051 (2d Cir. 1990) (citing Edgar v. MITE Corp., 457 U.S. 624,

649 (1982) (Stevens, J., concurring)).  Ordinarily, establishing that a party was wrongfully

enjoined requires resolution on the merits in favor of the party seeking to recover; however,

when a plaintiff voluntarily dismisses an action, that dismissal can operate as a determination on

the merits in favor of the enjoined party for purposes of recovering against a bond.  See Smart

Study Co. v. Bichha123, 505 F. Supp. 3d 322, 325 (S.D.N.Y. 2020) (citing B.G. Soft LTD v. BG

Soft International, Inc., 2002 WL 1467744 (E.D.N.Y. Apr. 29, 2002).  Such recovery is

foreclosed when the party seeking to recover consented to the dismissal.  11A Charles Alan

Wright & Arthur R. Miller, FED. PRAC. & PROC. § 2972 (3d ed.) ("[D]ismissal of the action by

the party who instituted it, if consented to by the other party, precludes proceeding against the

bond."); Cortland Line Holdings LLC v. Lieverst, 2020 WL 6041997, at *3 (N.D.N.Y. Oct. 13,

2020).

   I find that the voluntary dismissal took place with Dreshow's consent.  At the

status conference on March 12, 2021, the parties jointly represented that they were near a

settlement and agreed that dismissal would be appropriate.  In response to that joint

representation, I issued a "30-day" order dismissing the case but providing either party leave to

reopen the case if settlement were not consummated within thirty days.  See ECF No. 157.  On

April 9, 2021, Plaintiff informed the court that the parties had not yet finalized a settlement, but

sought to reopen the case for the limited purpose of requesting a voluntary dismissal because

"the parties agree that [Plaintiff's] claims against Defendants DRESHOW, 4MEMORYS, and

Deng Kai should be dismissed."  Pl. Ltr., ECF No. 159, at 1.  I then reopened the case, and on

April 12, 2021 Plaintiff moved to dismiss the case pursuant to Federal Rule of Civil Procedure

41(a)(2).  See ECF Nos. 160–62.  Defendant never opposed that request.  On May 26, 2021—

more than five weeks after Plaintiff filed its motion—Plaintiff submitted another letter notifying the court that Defendants had not opposed the motion and requesting that I dismiss the case. *See* ECF No. 163. Again, Defendant filed no objection to Plaintiff's request. I then approved the voluntary dismissal on June 4, 2021.

The original dismissal took place with Defendants' consent because I issued that order as a result of the discussions at the status conference in March 2021. Normally, that would be sufficient to bar Defendant's claim for bond damages. *See* Wright & Miller § 2972. However, Defendants argue that the ultimate dismissal was not with their consent because the parties never reached a final settlement agreement and Plaintiff sought to reopen the case for the purpose of immediately dismissing it. That argument is without merit. In connection with its motion to dismiss, Plaintiff represented that "Defendants have already agreed that this action should be dismissed and will suffer no prejudice as a result of the dismissal." ECF No. 162 at 3. Defendants never opposed or otherwise objected to that specific statement or Plaintiff's motion to voluntarily dismiss the case.

Further weighing against Defendant is the history of this case: Defendant unsuccessfully challenged the asset restraint imposed by the injunction on three occasions and had its counterclaims dismissed. This case is thus not one in which "issuance of a TRO is followed by the plaintiff's prompt voluntary withdrawal of the complaint." *Smart Study*, 505 F. Supp.3d at 325. Rather, Plaintiff diligently prosecuted the case for nearly two years before dismissing the case, without objection, when settlement was on the horizon and the pandemic had exacerbated the difficulty of proceeding with litigation. *See Cortland Line Holdings*, 2020 WL 6041997 at *4 (finding injunction not wrongful after voluntary dismissal because reasons for dismissal were unrelated to the underlying merits). Because I conclude the Defendant was not

3

wrongfully enjoined, I need not assess whether Defendant's claimed damages were proximately caused by the injunction, though it is far from certain that they were. *See Blumenthal*, 910 F.2d at 1054 (wrongfully enjoined party entitled only to damages proximately caused by injunction).

The motion for bond damages is denied. The Clerk shall terminate ECF No. 165 and mark the case closed.

SO ORDERED.

Dated:     June 23, 2022
           New York, New York

ALVIN K. HELLERSTEIN
United States District Judge