UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
:
:
NINGBO MIZHIHE I&E CO., LTD,                          :     **ORDER DENYING**
:     **RECONSIDERATION**
                                  Plaintiff,          :
:     19 Civ. 6655 (AKH)
    -against-                                         :
:
DOES 1–200, DRESHOW, et al.,                          :
:
                                  Defendants.         :
:
:
---------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Plaintiff Ningbo Mizhihe I&E Co. brought this case as a copyright infringement action in July 2019 and sought temporary restraining orders enjoining multiple Defendants from infringing Plaintiff's copyrighted designs and freezing Defendants' Amazon accounts. I granted both orders and Plaintiff posted a $25,000 bond to secure the temporary restraining orders and resulting injunctions. After extensive litigation, Plaintiff filed a motion seeking to voluntarily dismiss the case against Defendants 4Memorys, Deng Kai, and Dreshow on April 12, 2021. Defendants did not oppose the motion, and I granted the voluntary dismissal on June 6, 2021. Months later, Defendant Dreshow filed a motion to recover against the bond, which I denied on June 23, 2022. *See* ECF No. 174. Defendant now seeks reconsideration of my June 23, 2022 order. For the reasons that follow, Defendant's motion is denied.

        Defendant has failed to identify any controlling law or facts I overlooked in my June 23, 2022 order. Because "a motion for reconsideration should be granted only when the defendant identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," the instant motion must be

denied. *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (case law or data the court overlooked must be reasonably expected to alter the conclusion of the court). This standard is strict, and such motions will generally be denied. *See Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012).

In my June 23, 2022 order, I found that the voluntary dismissal took place with Dreshow's consent, which barred Dreshow's claim for bond damages. June 23, 2022 Order, ECF No. 174, at 4. I reached that conclusion based on the submissions of the parties, review of the docket, and analysis of applicable law in the Second Circuit. *See id.* at 3. In doing so, I rejected Dreshow's argument that the dismissal took place without its consent. In its motion for reconsideration, Dreshow cites no controlling case law I overlooked and identifies no new facts; its simply "disagrees" with my conclusions and attempts to recontextualize the history of the case. *See* Def. Br., ECF No. 176, at 2. Such attempts are far from sufficient to warrant granting the motion. *See Schrader*, 70 F.3d at 257.

Accordingly, the motion for reconsideration of my bond damages order is denied. The Clerk shall terminate ECF No. 175.

SO ORDERED.

Dated:  August 19, 2022            __/s/ Alvin K. Hellerstein_____
        New York, New York          ALVIN K. HELLERSTEIN
                                    United States District Judge